Day, J.
 

 The question presented for our determination is whether, under the provisions of Section 10504-3, General Code, a will is validly executed which is signed by two witnesses in the presence of the testator on one occasion and four days later is signed at the end thereof by the testator in the presence of the same two witnesses who identified the instrument and recognized their signatures thereon.
 

 Appellees contend that under Section 10504-3, General Code, a will which is subscribed and attested by witnesses prior to its signing by testator is invalidly
 
 *418
 
 executed; that the instrument which the statute requires witnesses to attest and subscribe is a will; that a paper writing is not a will until it is signed by the testator; that where witnesses subscribe and attest an instrument purporting to be a will prior to the time it is signed by testator, they attest to nothing, and that consequently the will is void.
 

 Section 10504-3, G-eneral Code, governing the execution of wills, provides: •
 

 “Except nuncupative wills, every last will and testament shall be in writing, but may be handwritten or typewritten. Such will shall be signed at the end by the party making it, or by some other person in his presence and by his express direction, and be attested and subscribed in the presence of such party, by two or more competent witnesses, who saw the testator subscribe, or heard him acknowledge his signature.”
 

 To be valid as a will, it is mandatory that the instrument be executed in accordance with the formalities prescribed by statute; otherwise, the property attempted to be disposed of thereby will pass as intestate property.
 

 Has the will in the instant case been thus executed? The agreed statement of facts discloses that at testator’s request, and in his presence, Alfred and Marie Brindle signed the will as witnesses on March 26,1935; that on March 30, 1935, the testator returned to the home of these witnesses and told them that he had not signed the will in their presence and that he would sign it while they watched. Mr. and Mrs. Brindle identified and recognized the paper as the one they had signed four days prior thereto and saw their signatures thereon. Thereupon, the testator signed it in their presence.
 

 Is there anything in the wording of the statute which invalidates a will thus executed? The statute provides that the will must be attested and subscribed in the presence of the testator by two or more competent per
 
 *419
 
 sons who saw him subscribe or who heard him acknowledge his signature. We fail to find either an express or an implied prescription in the statute for any particular order to be followed in the performance of these acts as between the testator and his attesting witnesses. None having been prescribed by the Legislature, none will be imposed by the courts. Courts will construe but not reconstruct a statute. In the absence of an unequivocal statutory requirement for a particular order to be followed in the execution of a will, none will be presumed to have been intended by the Legislature. In construing a statute a court will seek to ascertain what the Legislature intended by what it enacted and not what it intended to enact. 37 Ohio Jurisprudence, 525, Section 281. Statutory omissions of provisions, if they occur, will be presumed to have been intentional rather than accidental; but whether intentional or accidental, courts are without power to supply what the Legislature omitted. 37 Ohio Jurisprudence, 500, Section 271. Courts declare what the law is and not what the law ought to be.
 

 Section 10504-3, General Code, regulates the execution of wills and requires the performance of certain formal acts, but does not prescribe the order of their performance.
 

 The terms “subscribe” and “attest” employed in the statute have separate and' distinct meanings and imply two separate acts in the process of execution. Both are indispensable to the validity of a will, but they need not be simultaneous in performance. Subscription is manual, while attestation is mental.
 
 Swift
 
 v.
 
 Wiley,
 
 40 Ky., 114, 117; 1 Schouler on Wills (6 Ed.), 587, Section 515. Subscription identifies the instrument, while attestation is the mental process by which the subscribing witnesses hear the testator acknowledge his signature or see him sign the instrument in their presence. The signatures of the witnesses, if affixed to the instrument before it is signed by the testa
 
 *420
 
 tor, do not attest to the testator’s signing or acknowledgment until such time as the witnesses perform the mental process of seeing the testator subscribe his name in their presence, or hear him acknowledge his signature. Attestation, in the nature of things, is simultaneous with the testator’s subscription or acknowledgment of his signature in their presence.
 

 In the instant case, the subscription by the witnesses prior to the signing by the testator in their presence lacked attestation. However, as soon as . the testator subscribed the will in their presence, notwithstanding the lapse of four days, attestation thereupon attached-to the witnesses ’ subscription and the requirements of the statute were thereby complied with, rendering the will validly executed.
 

 Where a statute governing the execution of wills prescribes the performance of certain physical acts as a condition precedent to valid execution of a will, without designating the order in which such acts are to be performed, any order of performance satisfies the requirements of the statute. There are decisions of other jurisdictions to the contrary, some holding that signing by the testator must precede subscription by the witnesses and others holding that subscription by witnesses may precede the signing by testator providing the prior subscription by the witnesses and subsequent signing by the testator are parts of one continuous transaction. However, these cases are distinguishable on the facts and, -in some instances, on the wording of the controlling statute.
 

 We hold that a will, which is subscribed by witnesses in the presence of testator on one occasion and subscribed by the testator in their presence on another occasion, is deemed to' have been attested by the subscribing witnesses at the time of the testator’s subscription and is validly executed under the provisions of Section 10504-3, General Code.
 

 Appellees contend that when testator signed the will
 
 *421
 
 four days after the witnesses ’ subscription it was not resubscribed by any of the witnesses and therefore fatally defective in execution. We are not in accord with this contention. The fact that the witnesses did not resubseribe their names to the will at the time of the testator’s subscription does not affect its validity. Where witnesses subscribe a will on one occasion in the presence of the testator and the testator subscribes or acknowledges it in their presence on a subsequent occasion, resubscription by attesting witnesses is not necessary where they identify the instrument and recognize but do not disaffirm their signatures thereon. Failure to expressly disaffirm their signatures at the time of testator’s subscription in their presence will render their prior subscription as' effective as if the manual act of resubscription had been performed.
 

 We hold, therefore,, that the will was validly executed under the provisions of Section 10504-3, General Code.
 

 Judgment reversed cmd judgment for appellant.
 

 Weygandt, C. J., Jones, Matthias, Zimmerman and Williams, JJ., concur.
 

 Myers, J., dissents.