William J. Regan, S.
Petitioner has offered for probate the will of A. Wallace Wilson dated May 24,1954. The testator died in the County of Erie on the 22d day of May, 1969. The will was executed on May 24,1954 in the Commonwealth of Pennsylvania and was signed at the end thereof by the testator in the presence of two attesting witnesses, namely Alvin J. Ludwig, the attorney who supervised the execution of the will, and Emily T. Wilson, the wife of the testator. Testator is survived by Emily T. Wilson, wife, and one daughter.
The question that arises is whether or not this is a valid will in view of the subscription thereto by the widow and whether or not the subscribing witness, Emily T. Wilson, stands to lose her legacy by reason of her having subscribed such will. Clearly, under the laws of the State of New York the complications that could arise herein are obvious. It is the contention of the petitioner, however, that the will is a valid last will and testament pursuant to the laws of the Commonwealth of Pennsylvania and that under the said laws of the Commonwealth of Pennsylvania there are no restrictions on testamentary gifts to subscribing witnesses. Petitioner contends that this will should be admitted to probate pursuant to EPTL 3-5.1 (subd. [c], par. [2]) which provides as follows: “ A will disposing of personal property, wherever situated, or real property situated in this state, made within or without this state by a domiciliary or non-domiciliary thereof, is formally valid and admissible to probate in this state, if it is in writing and signed by the testator, and otherwise executed and attested in accordance with the local law of * * * (2) the jurisdiction in which the will was executed, at the time of execution ”,
*291 Petitioner, by his attorney, has supplied this court with detailed affidavits setting forth the circumstances under which the will was executed and the detailed supervision thereof attended to by the Pennsylvania attorney who draftd the will, Alvin J. Ludwig.
It is the testimony of Mr. Ludwig that the testator, at the time of the execution of the will, was of sound and disposing mind, memory and understanding and that the said will was executed validly and in full conformity of the laws of the Commonwealth of Pennsylvania. It has been submitted to this court that there is provision in the Pennsylvania Wills Act of 1947 (Pa. Stat., tit.. 20, § 180.4) and in the case law of the Commonwealth of Pennsylvania that except in wills signed by mark or by person other than testator, it is not necessary that there be any attesting witnesses or even subscribing witnesses; that said section otherwise simply provides that a will, unless it is nuncupative, must be in writing and must be signed at the end by the testator or by someone in his presence and by his express direction. It would appear, therefore, that the will in question complied with Pennsylvania law and that the subscriptions by the two witnesses are superfluous. Even if it were necessary that the will be attested or subscribed to by two witnesses other provisions under Pennsylvania law would not preclude such witnesses from taking under the will. By the Pennsylvania Wills Act of 1947 (Pa. Stat., tit. 20, § 180.4) and applicable case law of the Commonwealth of Pennsylvania it is provided that a legatee is not incompetent as a witness and there are no restrictions on testamentary gifts to subscribing witnesses.
In view of the above there appears to be no reason why this will should not be probated in its present form in this jurisdiction. As required by EPTL 3-5.1 (subd. [c], par. [2]) cited above, the will herein offered for probate is in writing, signed by the testator and is otherwise executed in accordance with the local law of the jurisdiction in which the will was executed at the time of execution.
It is accordingly the decision of this court that the said will be and the same hereby is admitted to probate and established as and for the last will and testament of the decedent, A. Wallace Wilson, valid to pass real and personal property.