ROGERS, APPELLEE, *v.*
HELMES, EXRX., APPELLANT; HAFT, APPELLEE.
[Cite as Rogers v. Helmes (1982), 69 Ohio St. 2d 323.]

(No. 81-474—Decided February 24, 1982.)

324

*Messrs. Davis, Hengelbrok & Sachs* and *Mr. Frank G. Davis,* for plaintiff-appellee.

*Mr. Dominic J. Mastruserio* and *Mr. Edward J. Collins,* for defendant-appellant.

*Messrs. Shank, Haft & Beckwith* and *Mr. James E. Haft,* for defendant-appellee.

SWEENEY, J.   The instant cause presents two issues for decision. The first is whether an interested witness to a written will may be a competent witness thereto. The second is whether a devise or bequest in a written will made to an interested, supernumerary witness, who later testifies as one of

two witnesses to prove the execution of the will, is void by operation of R. C. 2107.15.

Variations on these questions relating to interested witnesses to wills have vexed jurists, legislators, and scholars quite literally for centuries. The controversy swirled with particular vigor in the mid-1700's as the following judicial, legislative, and commentarial sources indicate: See *Holdfast d. Anstey* v. *Dowsing* (1746 K.B.), 2 Strange 1253, 93 E.R. 1164; *Wyndham* v. *Chetwynd* (1757 K.B.), 1 Burr. 414, 97 E.R. 377; *Doe d. Hindson* v. *Kersey* (1765 C.P.) 1 Day (Comm.) 41; (1752) Stat. 25 Geo. II, c. 6 (the legislative enactment that is the model for most American will saving statutes); and 2 Blackstone's Commentaries 377 (1766).[3]

Whether "this confusion * * * is traceable directly and in no small part to the opinion of Lord Mansfield handed down in the famous case, *Wyndham* v. *Chetwynd*,"[4] or whether the difficulties derive from using the same word, "witness," for the substantive purpose of attestation at the time a will is executed and the evidentiary purpose of proving the will at probate,[5] is, at this date, primarily a question for legal historians. The task before us is to determine precisely how the General Assembly intended the courts of this state to cut through this ancient and well-tangled conceptual thicket. With this history in mind, we now assess the parties' contentions regarding the validity of Anna Grofer's purported will and the right, if any, of Carol Lee Grofer Helmes to take thereunder.

R. C. 2107.03 provides:

"Except oral wills, every last will and testament shall be in writing, but may be handwritten or typewritten. Such will shall be signed at the end by the party making it, or by some other persons in such party's presence and at his express direction, and be attested and subscribed in the presence of

[3] For a capsulized history of this controversy, albeit from a California perspective, see the recent case of *Estate of Parsons* (1980), 103 Cal. App. 3d 384, 388-390, 163 Cal. Rptr. 70.

[4] See, Evans, The Competency of Testamentary Witnesses, 25 Mich. L. Rev. 238, 239. See, also, Note, Supernumerary Witnesses and Evasions of the Wills Act, 53 Harv. L. Rev. 858; Note, Effect of Attesting Witnesses' Interest Under Legacy Purging Statutes, 50 Yale L. J. 701, 702, fn. 7.

[5] See 2 Wigmore on Evidence (Chad. Rev.), Section 582. See, also, Evans, *supra,* at page 239; 50 Yale L.J., *supra,* at pages 701-702, fn. 4.

such party, by two or more competent witnesses, who saw the testator subscribe, or heard him acknowledge his signature."

As previously noted by this court, " 'Competent witnesses' are not expressly defined in the chapter on wills, but attention is called to Section 2317.01, Revised Code, which states:

" 'All persons are competent witnesses except those of unsound mind, and children under ten years of age who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.' " *Blankner* v. *Lathrop* (1959), 169 Ohio St. 229, 230.

The Court of Appeals determined that under R. C. 2317.01 all three witnesses to Anna Grofer's will were competent at the time of attestation, see *Vrooman* v. *Powers* (1890), 47 Ohio St. 191.

Appellees contend that the court below erred in upholding the validity of the will because the statutory requirement of "two or more competent witnesses" was not met. Plaintiff-appellee argues that "the general statute as to witness competency (2317.01 O.R.C.) * * * [does] not completely govern the qualifications of witnesses to wills." *Blankner* contains a statement that supports appellees on this point, notwithstanding the fact that in *Blankner* this court adopted the standard of witness competency established under R. C. 2317.01 for purposes of R. C. 2107.03. In *Blankner* this court stated, at page 231, that "[t]he only limitation fixed on witnesses to a written will under Section 2107.03, Revised Code, is that they cannot acquire an interest in the estate of the testator." *Blankner* concerned the competency of the testatrix' attorneys to witness the will because they were named as executor and alternate executor thereunder. The court held in the *Blankner* syllabus that " * * * such witnesses [executors] are competent within the meaning of Section 2107.03 * * * ." *Blankner,* however, is problematic for purposes of the instant cause because of the apparent contradiction between the endorsement of the test of competency set forth in R. C. 2317.01 and the supposed "limitation" based on interest arising under R. C. 2107.03. Neither R. C. 2317.01 nor 2107.03 expressly adopts the common law rule that a witness to a will is incompe-

tent by reason of interest. In the absence of specific language of disqualification in either statute we are of the opinion that the common law incompetence of interested witnesses has been abrogated by statute subject to the safeguards built into R. C. 2107.15.[6] We hereby disaffirm our single inconsistent statement in *Blankner* while approving the general thrust of that case. Indeed, the following analysis, at page 231, in *Blankner* comparing and contrasting R. C. 2107.03 and R. C. 2107.60 supports our conclusion today:

"In Section 2107.60, Revised Code, relating to nuncupative or oral wills, it is provided that such wills shall be valid in respect to personal estate, 'if reduced to writing and subscribed by two *competent disinterested* witnesses within ten days after the speaking of the testamentary words.' As applied to witnesses, the word, 'disinterested,' appears only in this section. It is not found in Section 2107.03, nor is it even found in Section 2107.04, Revised Code, relating to an agreement to make a will, the word, 'competent,' alone appearing therein.

"Considering the number of years in which the language of these sections has remained practically unchanged, it would seem clear that the absence of the word, 'disinterested,' in these other related sections is not a legislative oversight."[7]

In short, disinterestedness is not an element of competency under R. C. 2107.03.

We reject defendant-appellee's assertion that "the legislature did not feel that a witness taking an interest under a will was competent, or there would be no need for the saving provision of Section 2107.15, Revised Code, making a witness competent after voiding his bequest or devise," because this argu-

---

[6] At one time Ohio specifically excepted laws "relating to the * * * attestation of the execution of last wills and testaments" from the general competency of witnesses statute. See 51 Ohio Laws 108, Section 311 (enacted in 1853). This exception did not, however, survive the 19th century.

[7] The instant case is clearly distinguishable from the *Parsons* case, *supra*, at fn. 3, because the statutory basis in *Parsons*, Section 51 of the California Probate Code, unlike R. C. 2107.03, specifically requires "two * * * disinterested subscribing witnesses to the will * * *."

As we noted in *Blankner* the language respecting witnesses in the two sections pertaining to written and nuncupative wills, respectively, has long gone virtually unchanged. The distinction in witness requirements first appeared in the earliest years of Ohio's statehood. See 3 Ohio Laws 173, Chapter 27 (enacted in 1805).

ment misapprehends the distinct substantive and evidentiary functions served by witnesses to a will. For reasons that shall be discussed *infra,* R. C. 2107.15 is not, to use appellee's word, "nullified," if competence for purposes of R. C. 2107.03 is ascertained with reference to R. C. 2317.01.

We agree with the conclusion of the Court of Appeals that the will of Anna Grofer is valid because interested witnesses to a written will are competent witnesses thereto if they otherwise meet the test of competency set forth in R. C. 2317.01. Having upheld the validity of the will, we must now turn to the question of whether and to what extent Carol Lee Grofer Helmes, appellant herein, may take thereunder. Determination of this issue hinges on our interpretation of R. C. 2107.15, which provides in pertinent part:

"If a devise or bequest is made to a person who is one of only two witnesses to a will, the devise or bequest is void. The witness shall then be competent to testify to the execution of the will, as if the devise or bequest had not been made. If the witness would have been entitled to a share of the testator's estate in case the will was not established, he takes so much of that share that does not exceed the bequest or devise to him. * * * "

The current section was enacted in 1976. The forerunner statute, which had remained substantially unchanged since 1808,[8] was a modified, somewhat narrower version of the previously mentioned Statute of King George II.[9] Prior to 1976, R. C. 2107.15 read in part as follows:

"If a devise or bequest is made to a person who is a witness to a will and the will cannot be proved except by his testimony, the devise or bequest shall be void. The witness shall then be competent to testify to the execution of the will, as if such devise or bequest had not been made. * * * "

The Court of Appeals acknowledged the 1976 amendment of R. C. 2107.15, but attributed no great significance to the change, stating: "[w]hile the wording of this statute was changed to read 'one of only two witnesses,' we see nothing in the new statute which would require its application at a different time than its predecessor.

---

[8] See 6 Ohio Laws 64, 67, Chapter 18, Section 7 (enacted in 1808).

[9] See Bordwell, The Statute Law of Wills, 14 Iowa L. Rev. 1, 21-24.

" * * *

" * * * [T]he proper time to apply R. C. 2107.15 is at the time of probate. At the date of probate in the instant case there were only two remaining witnesses available to testify to the will since the husband of the testatrix was dead. Consequently, the statute voids the bequest to defendant-appellee [Carol Helmes], and she takes only the share that she would be entitled to had the will failed."

Appellant vigorously contends that the Court of Appeals misconstrued R. C. 2107.15 so as to make "the 1976 word change meaningless * * * [because] if only available witnesses are to be counted for purposes of * * * [R. C. 2107.15] * * * then, absent, incompetent and deceased witnesses are excluded and the same problems inherent in the necessary language of the old statute are present." Appellant argues that R. C. 2107.15, as amended, simply does not apply to a will attested and subscribed by three competent witnesses. The trial court analyzed R. C. 2107.15 in its current and former incarnations and determined, that appellant's argument had merit.

The trial court stated:

"Since the legislature changed this wording [of R. C. 2107.15], we must assume that they intended a different result. In the instant case we had three witnesses to the Will at execution, one of whom pre-deceased the testator leaving only two witness [*sic*] to the Will, available to testify. Under the old section, the bequest to Defendant Helmes would be void, but under the new wording I must hold that Section 2107.15 O.R.C. does not apply and the bequest to her is not affected."

We too must assume that the General Assembly intended to work a change in the operation of R. C. 2107.15 when the wording of the statute was changed in 1976. The legislative history to which we have been directed, see, Ohio Legislative Service Commission Summary of 1975 Enactments, January-October, 50, however, sheds little light on the subject other than to express a somewhat generalized intention to relax the rule of testimonial necessity, which is consistent with the modern trend in this area of the law.[10]

---

[10] See, *e.g.*, Uniform Probate Code, Section 2-505.

As we read R. C. 2107.15, the first sentence, which refers "to a person who is one of only two witnesses to a will," relates to the substantive requirement of "two or more competent witnesses" imposed by R. C. 2107.03. Thus, if an interested witness is one of two essential witnesses for purposes of establishing the validity of a will, then the bequest or devise to that witness is void pursuant to R. C. 2107.15. The fact that the General Assembly saw fit to use the expression "witnesses to a will" instead of "witnesses to prove a will" or the like supports this view because the statutory language seems to look to the time the will is executed, which is when the substantive requisites arise.

Conversely, if a witness is not one of two essential witnesses to a will, the voiding provision of R. C. 2107.15 may not be invoked. Inasmuch as appellant was one of three competent witnesses to the controverted will, R. C. 2107.15 as amended is inapposite. By amending R. C. 2107.15 the General Assembly only voided bequests and devises to those interested witnesses whose attesting signatures were required to create a substantively valid will under R. C. 2107.03. If the substantive validity of a will would not be affected by the absence of an interested witness' signature, then R. C. 2107.15 by its terms does not apply. Consequently, a devise or bequest made in a written will to an interested, supernumerary witness is not void under R. C. 2107.15.

The judgment of the Court of Appeals is reversed insofar as it held R. C. 2107.15 applicable against appellant.

*Judgment accordingly.*

CELEBREZZE, C. J., W. BROWN, HOLMES and C. BROWN, JJ., concur.

LOCHER, J., concurs in the judgment.

KRUPANSKY, J., dissents.