OPINION OF THE COURT
Lee L. Holzman, J.
In this uncontested proceeding to probate a will dated *416 December 2, 1991, the issue presented is whether the bequest to decedent’s friend George Buonaroba is void under EPTL 3-3.2 in light of the fact that he was one of the three attesting witnesses and that decedent’s son Kevin, whose legacy under the will is less than his intestate share as one of decedent’s six surviving children, was also one of the attesting witnesses. The third attesting witness does not receive any disposition or appointment under the will.
EPTL 3-3.2 (a) (1) provides that an attesting witness to a will to whom a beneficial disposition is made is a competent witness who can be compelled to testify with respect to the execution of such will but that the disposition to the attesting witness is void "unless there are, at the time of execution and attestation, at least two other attesting witnesses to the will who receive no beneficial disposition o: appointment thereunder.” The purpose of the statute is to preserve the maker’s testamentary scheme to at least some extent by making all attesting witnesses competent while preserving the integrity of the process of will executions by removing the possibility that attesting witnesses who receive a disposition under the will might give false testimony in support of the will to protect their legacies (Matter of Walters, 285 NY 158; Matter of Fracht, 94 Misc 2d 664).
The Legislature, in effect, has concluded that the public good is served by requiring that a few innocent attesting witnesses forfeit their legacies so that the validity of a greater number of wills might not be suspect by dint of a beneficiary under the will being one of the attesting witnesses whose testimony is required to probate the will. New York’s law on this subject has been criticized as creating "a most unfortunate conclusive presumption that a beneficiary under a will who also served as an attesting witness should be dramatically and summarily punished” (Turano, 1994 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, EPTL 3-3.2, 1996 Pocket Part, at 80). This "conclusive presumption” is not the law in those States that have enacted the Uniform Probate Code nor is it the law in most jurisdictions.
Here, decedent’s son, Kevin, does not forfeit his legacy as a result of being both an attesting witness and a beneficiary because EPTL 3-3.2 (a) (3) permits him, as a distributee, to receive the lesser of his intestate share or his legacy under the will. However, since the attesting witness, George Buonaroba, is not a distributee of the decedent, it must be determined whether the bequest to him of one eighth of decedent’s tangible *417 personal property "that is not otherwise disposed through Paragraph Second” is void under EPTL 3-3.2.
In light of the policy that statutes are to be construed to carry out the over-all legislative intent and to avoid injustice or hardship (Matter of Jacob, 86 NY2d 651, 667), neither the spirit nor the letter of EPTL 3-3.2 requires that George Buonaroba forfeit, through no fault of his own, the legacy that decedent wanted him to receive. The objective of EPTL 3-3.2 that there be at least two attesting witnesses who have nothing to gain by the admission of the will to probate is fulfilled in this matter by the one witness who receives no disposition or appointment and by decedent’s son Kevin, who, although he received a bequest under the will, is actually adversely affected by the admission of the will to probate because his intestate share would be greater than his bequest. Considering that the first definition of the word "beneficial” in Webster’s Dictionary (New Twentieth Century Unabridged Second Edition) is "advantageous”, it is concluded that, although Kevin received a disposition under the will, it was not beneficial to him to the extent that he would have received a larger inheritance if he testified against the validity of the will and the instrument were denied probate. Consequently, the disposition to George Buonaroba is not void under EPTL 3-3.2 (a) (1) because there are at least two other witnesses to the will who receive no beneficial disposition thereunder. That this interpretation is consistent with the over-all legislative intent is also reflected by the provisions of EPTL 3-3.2 (a) (3) which permit a distributee who is an attesting witness to receive the legacy whenever its value is less than the intestate share of the witness.
In conclusion, regardless of whether one agrees with New York’s minority rule mandating that a legacy to an attesting witness is void in the absence of two disinterested witnesses, there is no need to stretch that rule to fit the facts of this case. Inasmuch as the court is satisfied that the will was duly executed in accordance with the statutory formalities and that the testatrix at the time of executing it was in all respects competent to make a will and not under any restraint, a decree has been entered admitting the will to probate as a will valid to pass property, including the legacy to George Buonaroba.