OPINION OF THE COURT
Lee L. Holzman, J.
The issue presented in this probate proceeding is whether EPTL 3-3.2 (a) (1), which voids a bequest to an attesting witness unless there are at least two other attesting witnesses who receive no disposition under the will, compels the court, on public policy grounds, to reject a settlement admitting to probate a will executed in Pennsylvania on July 21, 1989, leaving the entire estate to a married couple who also acted as the only two attesting witnesses to the will. EPTL 3-5.1 (c) (2) provides that a written will signed by the testator and validly executed under the laws of the jurisdiction where executed is entitled to be admitted to probate in New York even though the will had not been executed with the formalities required by New York law and would not be admitted to probate if it had been executed in New York. The court holds that the spirit if not the letter of EPTL 3-5.1 (c) indicates that EPTL 3-3.2 should only be applied to wills executed in New York and should not invalidate a legacy to an attesting witness contained in a will which was validly executed outside of New York (Matter of Wilson, 60 Misc 2d 290).
Under Pennsylvania law, unless another person signed the will on behalf of the testator or the will was signed by the testator’s mark, there do not have to be any attesting witnesses for the will to be valid (20 Pa Cons Stat Annot §§ 2502, 2504.1). Thus, the will would have been validly executed in Pennsylvania even though neither one of the two beneficiaries nor anyone else had acted as an attesting witness. The court realizes that inasmuch as EPTL 3-3.2 does not require that a will be denied probate as a result of a beneficiary also serving as the attesting witness (the will under consideration could be admitted to probate if it had been executed in New York), it could be argued that, as is the case with wills executed in New York, a will executed in another jurisdiction could be admitted to probate under EPTL 3-5.1 (c) and then New York could still apply its own law to void the bequests to the attesting witnesses. Nevertheless, this would be an unduly harsh result in this case in light of the fact that the will would be entitled to be admitted to probate even if there were no attesting witnesses, and, consequently, the signatures of the two beneficiaries can be treated as meaningless surplusage. Furthermore, *588 the practical effect of applying EPTL 3-3.2 would be the same as if the will hád been denied probate because the only legacies in the will are to the two attesting witnesses who are described in the will as the decedent’s “dear friends”. Lastly, while the provisions of EPTL 3-3.2 reflect that New York has decided that it does not want the validity of a will to be subject to question on the ground that the attesting witnesses have a beneficial interest in having the will admitted to probate, there does not appear to be any reason to impose this rule with regard to wills executed in other jurisdictions which do not have a similar law because there is no cause for concern that there will be an exodus from New York by testators so that their wills can be witnessed by beneficiaries. Clearly, it is not inherently evil for a beneficiary to act as an attesting witness.
For the above reasons, the court concludes that EPTL 3-3.2 should not be applied to the propounded will which was validly executed in accordance with the laws of Pennsylvania. The court is also satisfied that it is in the best interests of the decedent’s unknown heirs that the will be admitted to probate subject to the terms of the settlement. Consequently, the court granted the request of the guardian ad litem for the unknown heirs to consent to the terms of the settlement. The period of time within which the terms of the settlement entered into on the record in open court could have been disavowed having now expired, a decree may be settled admitting the will to probate subject to the terms of the stipulation.