HAIRELSON, Exr., Appellee,

v.

ESTATE of FRANKS, Appellant; Peters et al., Appellees.

[Cite as *Hairelson v. Estate of Franks* (1998), 130 Ohio App.3d 671.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 98AP–398.

Decided Dec. 10, 1998.

*Luper, Sheriff & Neidenthal, Roger Whitaker* and *Valerie Carlson,* for appellee Andrea Hairelson.

*Brown, Lundgren & Godthorpe* and *David J. Lundgren,* for appellant.

*Gamble, Hartshorn & Alden Co.,* L.P.A., and *Bryan B. Johnson,* for appellee Betty Jane Peters.

MASON, Judge.

The present case involves a will contest concerning the purported will of Helen Stauffeneger ("decedent"). The parties in this appeal are defendant-appellant, Michael Franks, executor of the estate of Ella Marie Franks; plaintiff-appellee, Andrea Hairelson, executor of the decedent's estate; defendant-appellee, Betty Jane Peters; and defendant-appellee, Andrea Hairelson, also serving as the executor of the estate of Irene Codere. Ella Marie Franks, Betty Jane Peters, and Irene Codere are decedent's sisters and are named beneficiaries in decedent's will. Appellant appeals a decision by the Franklin County Court of Common Pleas, Probate Division. That court sustained a decision by a magistrate, finding that the estate of decedent should be divided according to the provisions in her will.

On February 26, 1992, decedent signed a document titled "Last Will and Testament of Helen L. Stauffeneger." The witnesses to the will were decedent's sisters Codere and Peters. Codere's and Peters's signatures were accompanied by the following language:

"We certify that this instrument was signed and declared by [decedent] to be her Last Will and Testament in our presence, and that we, in her presence and in the presence of each other have signed our names as witness [*sic* ], this 26th day of February, 1992."

On the next page of the will, decedent, Codere, and Peters signed below the following statement:

"JANE PETERS, [decedent], and the witnesses respectively, whose names are signed to the attached or foregoing instrument, being first duly sworn, do hereby declare to the undersigned officer that [decedent] signed this instrument as her Last Will and Testament and that she signed voluntarily, and that each of the witnesses in the presence of [decedent], at her request, and in the presence of each other, signed the Will as a witness, and that to the best of the knowledge of each witness, [decedent] was at the time eighteen (18) or more years of age, of sound mind and under no constraint or undue influence."

K. Jean Looney, a notary public for the state of Florida, signed decedent's will underneath the following statement: "Subscribed and acknowledged before me by [decedent], and subscribed and sworn to before me by IRENE B. CODERE, and BETTY JANE PETERS, the witnesses, on this 26 th day of February, 1992."

Articles IV and V of decedent's will state:

"I give and devise all the rest and residue of my property, real, personal and mixed, whatsoever it may be and wheresoever it may be situate, to my sisters, ELLA MARIE FRANKS, IRENE B. CODERE, AND BETTY JANE PETERS in equal shares, share and share alike. If any of said beneficiaries predeceases me, the share of such deceased beneficiary shall be distributed to the surviving beneficiaries share and share alike.

"I am mindful of the fact that I have two sons, CARL RICHARD STAUF-FENEGER and ROBERT EDWARD STAUFFENEGER, and two daughters, REBECCA LYNN BYLAND and CHERYL ANN DeHEER, however for reasons best known to me, I intentionally do not provide for them under this my Last Will and Testament."

The will designates Ella Marie Franks as "the personal representative of this my Last Will and Testament." The will also states: "In the event my sister, ELLA MARIE FRANKS, is unable to serve as my personal representative for any reason whatsoever, then I make, constitute and appoint my niece, ANDREA L. HAIRELSON, as the alternate personal representative."

The will was signed in Florida, and, at that time, decedent was a Florida resident. Decedent subsequently moved to Ohio and died on June 28, 1995. The parties have stipulated that at the time of her death, decedent was a resident of Dublin, Ohio. On July 19, 1995, Ella Marie Franks filed an application with the

trial court for authority to administer decedent's estate. Ella Marie Franks was appointed executor of decedent's estate on July 19, 1995, but she died on July 31, 1995. Hairelson was appointed by the court on August 30, 1995, to replace Ella Marie Franks as the executor of decedent's estate.

On June 27, 1996, Hairelson filed a complaint for construction of the will. The complaint states:

"[Hairelson] requests a judgment of this Court which construes Article IV of the Last Will and Testament of [decedent] and determines the beneficiaries entitled to receive the property passing under Article IV of the Last Will and Testament of [decedent] so that [Hairelson] may be able to execute the Will properly."

Appellant, acting in his capacity as executor of Ella Marie Franks's estate, filed an answer to Hairelson's complaint, requesting "a judgment of this Court which construes Article II of the Last Will and Testament of [decedent] and determines the beneficiaries entitled to receive the property passing under Article IV of the Last Will and Testament of [decedent], and resolves the conflict of law between Ohio and Florida." Appellant argued that decedent's will was valid in Ohio, but also argued that pursuant to R.C. 2107.15, the bequests to Codere and Peters were void because they were interested witnesses to the will. He further argued that the court should still apply Article IV and find that decedent's entire estate should pass to the estate of Ella Marie Franks.

The matter was referred to a magistrate, who issued a decision that was filed on September 9, 1997. The magistrate held that decedent's estate should be distributed "as directed by Article IV of the decedent's will. The residue of this estate shall be divided into three equal shares. The estates of Irene Codere and Ella Marie Franks shall receive one share each. Betty Jane Peters shall receive the final share." On September 23, 1997, appellant filed objections to the magistrate's decision. The trial court overruled appellant's objections and sustained the decision of the magistrate on March 9, 1998. Appellant appeals the trial court's decision and presents five assignments of error:

"1. The Trial Court erred in finding that Florida law determines the distribution of personal property in the Estate of Helen Stauffeneger.

"2. The Trial Court erred in finding that Ohio Revised Code Section 2107.18 determined the distribution of personal property in the Estate of Helen Stauffeneger.

"3. The Trial Court erred in overturning long established common law establishing the law of the domicile as determinative of the succession of personal property.

"4. The Trial Court erred in finding that there is an inconsistency between Ohio Revised Code Sections 2107.18 and 2107.15.

"5. The Trial Court erred in finding that 'full faith and credit' applied to the distribution of personal property in the Estate of Helen Stauffeneger."

██ The gravamen of appellant's arguments in his brief is that the residuary bequests to Codere and Peters in Article IV of the will should be voided and the "entire residuary estate should go to the Estate of Ella Marie Franks." Appellant bases his argument upon R.C. 2107.15, which states:

"If a devise or bequest is made to a person who is one of only two witnesses to a will, the devise or bequest is void. The witness shall then be competent to testify to the execution of the will, as if the devise or bequest had not been made. If the witness would have been entitled to a share of the testator's estate in case the will was not established, he takes so much of that share that does not exceed the bequest or devise to him. The devisees and legatees shall contribute for that purpose as for an absent or afterborn child under section 2107.34 of the Revised Code."

Appellant contends that the voiding provision of R.C. 2107.15 should be applied to the present case because Codere and Peters were interested witnesses to the will. Because of the interrelated nature of appellant's assignments of error, we will address the following issue: whether the trial court erred in finding that the voiding provision of R.C. 2107.15 should not apply to the bequests to Codere and Peters outlined in Article IV of decedent's will even though they signed the will as interested witnesses.

██ A review of R.C. 2107.15 shows that the purpose of the statute is to ensure the validity of a will. For example, R.C. 2107.15 states that after an interested witness's devise or bequest is made void, the "witness shall then be competent to testify to the execution of the will, as if the devise or bequest had not been made." The reasoning behind this part of R.C. 2107.15 is that a person who does not have an interest in the validity of a will is generally a more credible witness than a person who stands to gain from the will. The state of New York, which has a statute similar to R.C. 2107.15, explains the purpose of its statute in the following terms:

"The purpose of the statute is to preserve the maker's testamentary scheme to at least some extent by making all attesting witnesses competent while preserving the integrity of the process of will executions by removing the possibility that attesting witnesses who receive a disposition under the will might give false testimony in support of the will to protect their legacies." *In re Estate of Morea* (1996), 169 Misc.2d 415, 645 N.Y.S.2d 1022, 1022–1023.

The present case is very similar to *Rogers v. Helmes* (1982), 69 Ohio St.2d 323, 23 O.O.3d 301, 432 N.E.2d 186. In *Rogers*, Kenneth Rogers filed a complaint challenging the purported will of Anna Grofer on the grounds that two of the three witnesses to the will were incompetent because they were interested witnesses. The will was witnessed by Robert Grofer (Anna's husband), Carol Helmes (Anna's daughter), and Stephen Helmes (Carol Helmes's husband). Anna's will provided that Robert Grofer would receive Anna's real property located in Cleves, Ohio, all contents therein belonging to Anna, Anna's stock in Cleves Highlander Center, Inc., and all "the rest, residue and remainder of my estate." *Id.* at 323, 23 O.O.3d at 301, 432 N.E.2d at 187, fn. 1. The will stated that if Robert Grofer failed to survive Anna by thirty days, Carol Helmes would receive the stock, the property, and the contents of the property in Cleves, Ohio. The "rest, residue and remainder" of Anna's estate would be divided in equal shares between Carol Helmes and three other persons if they survived Anna. Robert Grofer predeceased Anna by thirty-one days. Carol Helmes and Stephen Helmes testified to the execution of the will. In its decision, the Ohio Supreme Court addressed two issues: (1) whether an interested witness to a written will may be a competent witness thereto and (2) whether a devise or bequest in a written will made to an interested, supernumerary witness, who later testifies as one of two witnesses to prove the execution of the will, is void by operation of R.C. 2107.15. *Id.* at 324–325, 23 O.O.3d at 301–302, 432 N.E.2d at 187–188.

The court held that "[i]nterested witnesses to a written will are competent witnesses thereto if they otherwise meet the test of competency set forth in R.C. 2317.01." *Rogers,* paragraph one of the syllabus. The court further held that Carol Helmes's bequest was not void even though she was an interested witness. The court stated:

"[I]f a witness is not one of two essential witnesses to a will, the voiding provision of R.C. 2107.15 may not be invoked. Inasmuch as [Carol Helmes] was one of three competent witnesses to the controverted will, R.C. 2107.15 as amended is inapposite. By amending R.C. 2107.15 the General Assembly only voided bequests and devises to those interested witnesses whose attesting signatures were required to create a substantially valid will under R.C. 2107.03. If the substantive validity of a will would not be affected by the absence of an interested witness' signature, then R.C. 2107.15 by its terms does not apply." *Id.* at 330, 23 O.O.3d at 305, 432 N.E.2d at 190.

Therefore, since the voiding provision of R.C. 2107.15 is connected to the determination of whether a will is valid, we will address whether decedent's will was valid even though it was witnessed by Peters and Codere who are interested witnesses.

Pursuant to R.C. 2107.18, the probate court shall admit a will to probate if "it appears from the face of the will * * * that the execution of the will complies with the law in force at the time of the execution of the will in the jurisdiction in which it was executed." In the present case, the will was executed in Florida. Therefore, if it appears from the face of the will that the will complied with Florida law at the time of the execution of the will, the will is valid.

A review of Florida law shows that it differs from Ohio law in that under Florida law "a will or codicil, or any part of either, is not invalid because the will or codicil is signed by an interested witness." Fla.Code 732.504(2). See, also, *In re Estate of Johnson* (Fla.App.1977), 347 So.2d 785, 787. Therefore, according to Florida law, Article IV of decedent's will would not be invalid even though Codere and Peters were interested witnesses. The magistrate stated in his opinion dated September 9, 1997: "All of the parties have stipulated to the fact that the decedent's will was validly executed under Florida law. A review of the will and the Florida statute supports this finding." We have also reviewed the Florida Code sections regarding the execution of a will and similarly find that decedent's will was validly executed under Florida law. Additionally, the record does not disclose appellant at any time disputing the validity of the will. In fact, Ella Marie Franks, acting as executor of decedent's estate, submitted the will to the probate court prior to her death and was appointed executor of the estate.

Since decedent's will was validly executed according to Florida law, we find that the voiding provision of R.C. 2107.15 should not be invoked. Our decision is similar to a New York decision that found that New York's voiding provision should not be applied to a validly executed will in accordance with the laws of Pennsylvania. *In re Estate of Williams* (1998), 176 Misc.2d 586, 672 N.Y.S.2d 1019. The court stated:

"[W]hile the provisions of EPTL 3–3.2 reflect that New York has decided that it does not want the validity of a will to be subject to question on the grounds that the attesting witnesses have a beneficial interest in having the will admitted to probate, there does not appear to be any reason to impose this rule with regard to wills executed in other jurisdictions which do not have a similar law because there is no cause for concern that there will be an exodus from New York by testators so that their wills can be witnessed by beneficiaries. Clearly, it is not inherently evil for a beneficiary to act as an attesting witness." *Id.*, 176 Misc.2d at 588, 672 N.Y.S.2d at 1020.

We find that the trial court correctly concluded that Codere and Peters should receive a portion of decedent's estate as outlined in decedent's will.

Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG and TYACK, JJ., concur.