[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *In re Estate of Shaffer*, **Slip Opinion No. 2020-Ohio-6973.**]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-6973

IN RE ESTATE OF SHAFFER.

[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *In re Estate of Shaffer*, **Slip Opinion No. 2020-Ohio-6973.**]

*Probate—Competency of witnesses to a noncompliant will—Ohio's voiding statute applies to both wills executed in compliance with formal requirements and those that fail to adhere to them—Judgment reversed in part and cause remanded.*

(No. 2019-0364—Submitted March 11, 2020—Decided December 16, 2020— Reconsideration Granted and Slip Opinion Reissued December 31, 2020.[1])

APPEAL from the Court of Appeals for Lucas County, No. L-17-1128,

---

1. On December 16, 2020, this court issued its judgment and original opinion in this case. Appellees, Zachary Norman and Juley Norman, filed a motion for clarification and/or reconsideration, noting that this court had declined to review, and therefore did not disturb, the portion of the decision of the Sixth District Court of Appeals holding that the document at issue was intended to be Joseph Shaffer's will. *See* 156 Ohio St.3d 1442, 2019-Ohio-2496, 125 N.E.3d 913 (accepting review of proposition of law No. I and declining review of proposition of law No. II). We agree with the Normans and therefore grant the motion for clarification and/or reconsideration. The reissued opinion alters the final sentences of paragraphs 2 and 30 of our original opinion to indicate that the judgment of the Sixth District Court of Appeals is reversed in part and that the cause is remanded to the Lucas County Probate Court for further proceedings.

2019-Ohio-234.

_____

**DONNELLY, J.**

{¶ 1} We accepted this discretionary appeal to address the relationships among three statutes that govern Ohio wills: R.C. 2107.03, which governs the formal requirements for the execution of a written will; R.C. 2107.24, which provides a process for admitting a purported will to probate despite its failure to fully adhere to those formal requirements; and R.C. 2107.15, which voids a will's devise to a witness if that witness was essential to establishing the validity of the will. Noting that R.C. 2107.03 and 2107.15 mention "competent" witnesses but R.C. 2107.24 does not, the Sixth District Court of Appeals concluded that R.C. 2107.24 eliminates the requirement of witness competency and that therefore, the voiding provision of R.C. 2107.15 does not apply to essential witnesses to a remediated will.

{¶ 2} We hold that R.C. 2107.15 controls the testamentary dispositions to essential witnesses as a matter of law after a will is admitted to probate regardless of whether it is admitted pursuant to R.C. 2107.03 or 2107.24. Further, the plain language of R.C. 2107.24 neither refers to nor provides alternatives to R.C. 2107.15 or to any statutes that govern the competency of witnesses. The voiding provision of R.C. 2107.15 therefore applies equally to essential witnesses to both formally compliant and remediated wills. Accordingly, we reverse the portion of the judgment of the Sixth District Court of Appeals related to R.C. 2107.15 and remand the cause to the Lucas County Probate Court.

**BACKGROUND**

{¶ 3} On August 11, 1967, Joseph Shaffer—a psychologist and later, a part owner of sleep clinics—executed a formal will instructing that if his wife predeceased him, his estate would pass through trust to his two sons, Mark and appellant, Theodore (Terry) Shaffer. Joseph's wife predeceased him. Joseph died

on July 20, 2015, and the Lucas County Probate Court admitted his will to probate on September 15, 2015.  In January 2016, appellee Juley Norman filed a claim against the estate as a creditor for the care and services that she had provided to Joseph.  Juley attached a copy of a note handwritten and signed by Joseph Shaffer in 2006 on a three-by-five-inch notecard.  The notecard read:

> Dec 22, 2006
> My estate is not
> completely settled
> all of my sleep network
> stock is to go to
> Terry Shaffer
> Juley Norman for
> her care of me is to
> receive ¼ of my estate
> Terry is to be the
> executor.
> This is my will.

The card had no other signatures.

{¶ 4} Terry, the administrator of his father's estate, rejected this claim.  In July 2016, appellee Zachary Norman, Juley's son, to whom Joseph had given the notecard for safekeeping, filed an application in the probate court to treat the notecard as a will subject to probate.  He also filed an amendment to the list of Joseph Shaffer's devisees, adding Juley as a beneficiary.

{¶ 5} A magistrate held the hearing required by R.C. 2107.24 to consider whether the handwritten notecard that did not conform to the requirements of formal will-making in R.C. 2107.03 should be admitted to probate.  Juley testified

to her close relationship with Joseph and the circumstances of his writing the document. She further testified that Joseph had referred to the document several times thereafter and had sought assurance from Zachary that he had put it in a safe place.

{¶ 6} The probate-court magistrate held that Zachary had not established by clear and convincing evidence that the document was intended to be Joseph's will. The magistrate further held that R.C. 2107.24, which allows nonconforming documents to be treated as wills in certain circumstances, does not eliminate the competent-witness-attestation requirement of R.C. 2107.03 and is intended to remediate wills whose nonconformity results from an inadvertent mistake in execution rather than from ignorance of the law. The magistrate therefore recommended that the probate court deny Zachary's application to probate the 2006 document and strike the proposed amended list of Joseph's devisees. The probate court overruled Zachary's subsequent objections to the magistrate's decision and adopted the decision in full.

{¶ 7} In his appeal from the judgment of the probate court, Zachary asserted that unlike R.C. 2107.03, R.C. 2107.24 does not require the witnesses to a noncompliant will to be "competent witnesses," and therefore, the voiding provision of R.C. 2107.15 does not apply to a purported will that may be remediated pursuant to R.C. 2107.24. He argued that the General Assembly deliberately omitted the word "competent" in R.C. 2107.24 to elevate a testator's intent over statutory formalities. Rather, the General Assembly sought to ensure the same protections provided by such formalities through a required hearing at which the proponent of a purported will must establish all the necessary elements by clear and convincing evidence. The Sixth District Court of Appeals agreed and reversed the probate court's judgment.

{¶ 8} The Sixth District determined that the probate court had erred by concluding that the 2006 document did not meet the requirements for admission to

probate under Ohio law and by concluding that the bequest to Juley must be voided. 2019-Ohio-234, ¶ 44-45.  The appellate court held that "the purpose of the purging statute, R.C. 2107.15, has been eliminated by the grant of authority to the probate court to evaluate the credibility of the interested witness and weigh the evidence" pursuant to R.C. 2107.24.  *Id*. at ¶ 44.  The court concluded that "if the probate court finds the testator truly intended to make a will, despite the failure to comply with the requirements of R.C. 2107.03 or the fact that a witness was also named as a beneficiary under the will, the court must admit the document to probate as a will." *Id.*

{¶ 9} Terry Shaffer sought our discretionary review of the Sixth District's decision.  We accepted the appeal on the following proposition of law:

> Ohio's Voiding Statute applies equally to wills executed in compliance with R.C. 2107.03 and wills submitted pursuant to R.C. 2107.24.  If the will is witnessed by a devisee, either by the devisee's signature or by the devisee's testimony, the bequest to the interested witness is void.

*See* 156 Ohio St.3d 1442, 2019-Ohio-2496, 125 N.E.3d 913.

## ANALYSIS

{¶ 10} The issue raised in this appeal—and the context in which it has been raised—requires us to examine the role that witnesses play in the execution of a valid will, the laws that apply to witnesses under Ohio law, and the laws that apply to the document itself under Ohio law.  The interplay among the relevant statutes reveals that a witness's status as a devisee does not control whether a document is a valid will.  The particular method used to recognize a document as a valid will does not control whether the will's devise or bequest to an essential interested witness is void.  Irrespective of whether R.C. 2107.24 allows incompetent

witnesses to establish that a document is a will, the voiding provision of R.C. 2107.15 applies to devises contained in any will. Accordingly, Shaffer's proposition of law is well taken.

### General Requirements for an Admissible Will under Ohio Law

{¶ 11} Generally speaking, admitting a written will to probate requires a court to determine, from the face of the document itself, that it was executed in compliance with the law. R.C. 2107.18. R.C. 2107.03 governs the method of creating a written will in Ohio. The statute provides:

> Except oral wills, every will shall be in writing, but may be handwritten or typewritten. The will shall be signed at the end by the testator or by some other person in the testator's conscious presence and at the testator's express direction. The will shall be attested and subscribed in the conscious presence of the testator, by two or more competent witnesses, who saw the testator subscribe, or heard the testator acknowledge the testator's signature.

{¶ 12} If a will bears all the signatures indicating due execution and attestation, the court must admit the will to probate irrespective of whether the will's validity could be challenged on other grounds. *In re Elvin's Will*, 146 Ohio St. 448, 451-452, 66 N.E.2d 629 (1946). If the face of a purported will does not exhibit compliance with all of R.C. 2107.03, a court may still admit the document to probate but only if the proponent of the document satisfies the requirements of R.C. 2107.24. That statute provides:

> (A) If a document that is executed that purports to be a will is not executed in compliance with the requirements of section 2107.03 of the Revised Code, that document shall be treated as if it

6

had been executed as a will in compliance with the requirements of that section if a probate court, after holding a hearing, finds that the proponent of the document as a purported will has established, by clear and convincing evidence, all of the following:

(1) The decedent prepared the document or caused the document to be prepared.

(2) The decedent signed the document and intended the document to constitute the decedent's will.

(3) The decedent signed the document under division (A)(2) of this section in the conscious presence of two or more witnesses.

{¶ 13} The standards of R.C. 2107.24 provide a narrow exception to the formalities required in R.C. 2107.03, primarily by excusing a witness's failure to sign the will. Frank, *Harmless Error, or Not? Applying R.C. 2107.24*, 17 Ohio Prob.L.J. 38 (2006). If the document submitted to probate does not satisfy the requirements described in R.C. 2107.03, subject to the narrow exception in R.C. 2107.24, then the document is simply not a will. *See Bloechle v. Davis*, 132 Ohio St. 415, 418, 8 N.E.2d 247 (1937). The court's role at the point of admission to probate is not to examine the validity of the will's contents but to verify that the document was validly executed. *In re Hathaway's Will*, 4 Ohio St. 383, 386 (1854). Accordingly, the validity of the contents of the will, including devises or bequests to any particular person, does not dictate whether a will may be admitted to probate.

### Witness Requirements for an Admissible Will

{¶ 14} The language of R.C. 2107.03 most pertinent to this appeal is the language requiring the involvement of "two or more competent witnesses" and requiring that the written will be "attested and subscribed" by those witnesses.

{¶ 15} The term "competent witness" is not expressly defined in R.C. Chapter 2107, but the general definition of "competency" is found in R.C. 2317.01:

> All persons are competent witnesses except those of unsound mind and children under ten years of age who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.

{¶ 16} We have previously held that a witness is competent as required by R.C. 2107.03 if the witness satisfies the elements of R.C. 2317.01. *Rogers v. Helmes*, 69 Ohio St.2d 323, 432 N.E.2d 186 (1982), paragraph one of the syllabus. We have also observed that a person's competence to witness the execution of a will is not affected by the fact that the person will gain an interest from the will; the General Assembly has separately specified when "disinterested," rather than merely competent, witnesses are required. *Id.* at 327, citing R.C. 2107.60 (the execution of oral wills requires "two competent disinterested witnesses"). Looking to a witness's general competence rather than any potential interest in the will is consistent with the notion that the specific contents of the will do not dictate whether the document constitutes a will that may be admitted to probate.

{¶ 17} Although "competent" describes what a witness must be, the requirement that the will be "attested and subscribed" controls what a witness must do. Attestation and subscription connote two acts: (1) an "act of the senses" by personally observing the signing or acknowledgement of signature by the testator and (2) a physical act of signing the document, under the observation of the testator, to prove that the attestation occurred. *Tims v. Tims*, 22 Ohio C.D. 506, 14 Ohio C.C.(N.S.) 273 (1911), quoting Schouler, *A Treatise on the Law of Wills*, Section 330 (2d Ed.1892).

8

**{¶ 18}** The purpose of requiring the two acts of attestation and subscription—and of requiring witnesses at all — "is to prevent the diversion of a decedent's estate from those who would take it under the statutes of descent and distribution except in instances where the decedent has clearly and deliberately expressed an intention to so divert it." *Sherman v. Johnson*, 159 Ohio St. 209, 222, 112 N.E.2d 326 (1953). The ultimate goal of will-formality requirements is to protect the testator's intent given that "the succession process suffers from what is known as the 'worst evidence' problem: decedents cannot speak up to correct the record, clarify their wishes, or protect their interests." Weisbord and Horton, *Inheritance Forgery*, 69 Duke L.J. 855, 861 (2020). But despite the intent underlying the witness formalities required in the law of wills, the historically harsh repercussions for even the smallest deviations from formal requirements led many to believe that the formalities themselves did more to undermine testamentary intent than nefarious would-be devisees. *Id.* Ohio's R.C. 2107.24 is a remedial measure against certain harsh results, as it excuses the requirement that the will be "subscribed" by the witness and allows a witness's attestation to be proved by other means.

**{¶ 19}** As stated above, if the will submitted to probate appears to comply with all the required formalities of R.C. 2107.03 and bears the signatures of the testator and two witnesses, the court must admit the will to probate. *Elvin's Will*, 146 Ohio St. at 451-452, 66 N.E.2d 629; R.C. 2107.18. Thus, in the case of a facially valid will, a trial court need not scrutinize the competency of witnesses and the fact of their attestation when the will is admitted to probate. *Id.* Such scrutiny may be required, however, at a hearing pursuant to R.C. 2107.24 to determine the validity of a facially noncompliant will when the probate court has the discretion to weigh evidence for or against the validity of the document as a will. *See*, *e.g*., *In re Jordan*, 4th Dist. Pike No. 08CA773, 2008-Ohio-4385, ¶ 5; *In re Estate of Pittson*, 5th Dist. Stark No. 2008 CA 00014, 2009-Ohio-1862, ¶ 4-5; *Estate of*

*Hand*, 12th Dist. Butler No. CA2016-02-034, 2016-Ohio-7437, 73 N.E.3d 880, ¶ 23. No matter the process, the consideration of an application to admit a will to probate remains focused on whether the submitted document *is* a will; it is not a proceeding that allows parties to address or contest the contents of the will. *See Hathaway's Will*, 4 Ohio St. at 385. Accordingly, a will's contents, including devises or bequests to any particular person, are outside the scope of a hearing conducted pursuant to R.C. 2107.24 and are not relevant to the process of admitting a will to probate.

### *Limitations on Dispositions in a Will*

{¶ 20} Even after a document is recognized as a valid will and admitted into probate, the dispositions contained in Ohio wills are controlled by statute. *In re Miller's Estate*, 160 Ohio St. 529, 117 N.E.2d 598 (1954), paragraph three of the syllabus. Ohio's statutes "contain many provisions which limit the right of testamentary disposition and annul provisions in a will which are contrary to such statutes." *Id.* at 538. For example, a "convicted murderer [cannot] take under the will of the person whom he murdered." *Id.* at 539; R.C. 2105.19. R.C. 2107.15, which Terry terms the "voiding statute," provides another limitation:

> If a devise or bequest is made to a person who is one of only two witnesses to a will, the devise or bequest is void. The witness shall then be competent to testify to the execution of the will, as if the devise or bequest had not been made. If the witness would have been entitled to a share of the testator's estate in case the will was not established, the witness takes so much of that share that does not exceed the bequest or devise to the witness.

{¶ 21} In essence, if a person stands to gain an interest from a will and if the validity of the will hinges on that person's acting as one of two essential

10

witnesses to the execution of the will, that person's interest under the will is eliminated as a matter of law. *Rogers*, 69 Ohio St.2d at 330, 432 N.E.2d 186. Interested-witness laws like R.C. 2107.15 serve the purpose of preventing fraud while also protecting a testator's intentions and innocent beneficiaries by invalidating only the portion of the will related to the witness's devise rather than the entire will. *See Fowler v. Stagner*, 55 Tex. 393, 398 (1881); *In re Klein's Estate*, 35 Mont. 185, 88 P. 798, 804 (1907); *In re Estate of Pye*, 325 F.Supp. 321, 322 (D.D.C.1971), citing 2 Blackstone, *Commentaries on the Laws of England* 376-377 (1854); *Hairelson v. Estate of Franks*, 130 Ohio App.3d 671, 675, 720 N.E.2d 989 (10th Dist.1998).

{¶ 22} Although the phrasing of R.C. 2107.15 might lead some to infer that all interested witnesses are incompetent subject to subsequent restoration by the provisions of R.C. 2107.15, we came to a different conclusion in *Rogers*. In that case, we noted that the common-law rule that interested witnesses were incompetent per se was abrogated by Ohio's statutory scheme governing wills, "subject to the safeguards built into R.C. 2107.15." *Rogers* at 327. Rather than directly controlling the issue of witness competency when a will is executed, R.C. 2107.15 protects against the potential dangers posed by an interested witness by eliminating the interest as a matter of law at the time of probate. *Id.* at 330. Accordingly, R.C. 2107.15 does not control whether a witness is competent to establish that a document is a will that should be admitted to probate; it controls whether a disposition contained in an already admitted will must be annulled.

### R.C. 2107.24 Does Not Affect the Applicability of R.C. 2107.15

{¶ 23} Because a probate court is able to assess the credibility of an interested witness during the evidentiary-hearing process of R.C. 2107.24, the court of appeals concluded that the purpose behind R.C. 2107.15 was eliminated and that the voiding provision of R.C. 2107.15 therefore did not apply. 2019-Ohio-234 at ¶ 44. Appellees additionally contend that the legislature's failure to use the term

"competent" in R.C. 2107.24 signals a clear departure from strict will formalities in favor of allowing a decedent's "full intent to be carried out." They assert that this omission is in line with a national trend led by the National Conference of Commissioners on Uniform State Laws in proposing the Uniform Probate Code ("UPC"), which allows interested witnesses to take under wills. The plain language of the statutes does not support either assertion.

{¶ 24} When analyzing statutory provisions, our paramount concern is to ascertain and give effect to the intention of the General Assembly. *Henry v. Cent. Natl. Bank*, 16 Ohio St.2d 16, 242 N.E.2d 342 (1968), paragraph two of the syllabus. We determine legislative intent primarily from the plain language of a statute. *Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, 943 N.E.2d 522, ¶ 18. By its plain language, R.C. 2317.01 governs the specific subject of witness competency, whereas R.C. 2107.03 and 2107.24 govern the formalities required for a document to constitute a will, and R.C. 2107.15 governs devises or bequests under a will to a certain class of people. The plain language of R.C. 2107.24 does not govern competency, and so its failure to use the word "competent" is of little import. Similarly, R.C. 2107.24 fails to specify that the decedent must have testamentary capacity pursuant to R.C. 2107.02, but no one disputes that R.C. 2107.02[2] applies to all wills.

{¶ 25} Although a probate court might gain a better view into the circumstances behind a particular will and the credibility of the parties through the evidentiary hearing required for formally noncompliant wills, the court is limited to determining whether the decedent (1) prepared the document, (2) signed the document and intended it to be his will, and (3) signed the document in the conscious presence of two or more witnesses. R.C. 2107.24(A). Nothing in R.C. 2107.24(A) authorizes the court at a hearing to determine that an interested witness

---

2. R.C. 2107.02 states, "A person who is eighteen years of age or older, of sound mind and memory, and not under restraint may make a will."

poses no risk of perjury or malfeasance and that R.C. 2107.15 should therefore not apply to any devises or bequests to the witness once the document is admitted to probate as a will. An application to admit a will to probate is not a process in which parties can address or contest the contents of a will, *Hathaway's Will,* 4 Ohio St. at 385, and it is inappropriate for the probate court to rule on the contents of a purported will before determining that the document is a will.

{¶ 26} R.C. 2107.24 also does not indicate that the purpose of relaxing the strict formalities related to witness attestation and subscription is to allow a decedent's "full intent to be carried out," including the intent to make specific devises or bequests to a particular party. The probate court's only inquiry regarding a testator's intent when executing a purported, formally noncompliant will is whether the decedent "intended the document to constitute the decedent's will." R.C. 2107.24(A)(2). The testamentary intent that must be proved to establish that a document is a will is distinct from the decedent's intent that certain provisions within the will be construed or applied a certain way. *Estate of Hand*, 2016-Ohio-7437, 73 N.E.3d 880, ¶ 16 (12th Dist.), quoting *In re Estate of McIntosh*, 1st Dist. Hamilton No. C-75556, 1976 WL 189970, *2 (June 7, 1976).

{¶ 27} Finally, the language of neither R.C. 2107.24 nor 2107.15 indicates that Ohio has joined the movement, reflected in the UPC, to enforce all devises or bequests specified in a will irrespective of the status of the beneficiaries. A crucial difference between Ohio law and the UPC is that the UPC explicitly abolishes "voiding" or "purging" statutes by providing that "[t]he signing of a will by an interested witness does not invalidate the will *or any provision of it*." (Emphasis added.) UPC 2-505(b). By contrast, the voiding provision of R.C. 2107.15 is still in effect in Ohio.

{¶ 28} Our conclusion that R.C. 2107.24 does not affect the applicability of R.C. 2107.15 is consistent with a reading of the statutory scheme as a whole. If we were to accept appellees' argument, the alleged exception to the voiding provision

of R.C. 2107.15 would subsume the entire law, because any essential interested witness could defeat the voiding statute by simply refusing to sign an otherwise conforming will.

{¶ 29} While the General Assembly in enacting R.C. 2107.24 removed some of the formal barriers to creating a will, it did not remove the substantive barrier in R.C. 2107.15 that annuls dispositions to interested witnesses that were essential to establishing the validity of any will, whether through subscription or through testimony at an evidentiary hearing. Therefore, if a devise or bequest is made to a person who is one of only two witnesses to a will, the devise or bequest to that witness is void whether the will is executed in compliance with R.C. 2107.03 or submitted pursuant to R.C. 2107.24.

## CONCLUSION

{¶ 30} We conclude that Zachary Norman's claim fails because Ohio's voiding statute, R.C. 2107.15, applies both to wills executed in compliance with R.C. 2107.03 and those submitted pursuant to R.C. 2107.24. The probate court correctly applied R.C. 2107.15 and determined that Juley Norman could not be included in the list of beneficiaries of Joseph Shaffer's estate. Accordingly, we reverse the judgment of the Sixth District Court of Appeals to the extent that it holds otherwise and we remand the cause to the probate court for further proceedings consistent with this opinion.

Judgment reversed in part

and cause remanded.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, and STEWART, JJ., concur.

———————————

Zachary Norman and Juley Norman, pro se.

Robison, Curphey and O'Connell, Corey L. Tomlinson, Paul E. Croy, Sarah J. Corney, and Kayla L. Henderson, for appellant.

January Term, 2020

_____