S. Samuel Di Falco, S.
In a decision (N. Y. L. J., Feb. 11, 1971, p. 18, col. 3) this court held in abeyance a motion for summary judgment asking for a preliminary determination pursuant to EPTL 3-3.2 (subd. [a], par. [1]) that the residuary bequest in the will to the attorney-draftsman fails and passes as intestate property because at the time of execution and attestation there were not two other attesting witnesses to the will offered for probate ‘ ‘ who receive no beneficial disposition or appointment thereunder ’ ’ in the language of the statute.
The prior decision of this court sets forth the facts herein, to wit, that the will offered for probate dated November 27,1969 leaves the entire residuary estate to the attorney-draftsman who is not related to the decedent. This attorney acted as a witness to its execution along with one Beuel J. Longmore, a cousin of the decedent and beneficiary of a $500 legacy under this will, and one Florence Safford, a disinterested witness. Mr. Long-more ’s deposition with respect to the ceremony of execution was taken before the probate clerk and at the bottom of his deposition is the language: ‘ ‘ I have been shown the contents of section 3-3.2 EPTL and I am aware that by testifying I shall suffer forfeiture of my legacy.” The guardian ad litem for a son of the decedent and all unknowns in the probate proceeding interposed a pleading called ‘ ‘ Answer and/or Objections” which pleads first that this court make a preliminary determination that that residuary bequest is void as aforesaid and alternately pleads the omnibus objections of lack of testamentary capacity, due execution and the practice of fraud and undue influence. It was brought to the attention of the court that there was a prior will and codicil and in the prior decision the executor was directed to file the same and cause citation to issue to those mentioned therein. Jurisdiction is now complete and the court will now consider the motion held in abeyance and proceed with the determination of the validity of the legacy to the attorney-draftsman.
EPTL 3-3.2 (subd. [a], par. [1]) clearly says that “ unless there are * # * at least two other attesting witnesses to the will ” at the time of execution and attestation a disposition to an attesting witness is void. The Beviser’s Notes (McKin *718 ney’s Cons. Laws of 1ST. Y., Book 17B, EPTL 1-11 to 5^5) to this section indicate that the parallel provision in section 27 of the Decedent Estate Law left it uncertain whether the disinterest must exist at the time of execution only, or at the time of probate and the new section makes it clear that the time of disinterest must exist at the time of execution.
Mr. Longmore’s forfeiture of his legacy is, therefore, of no consequence. It is clear that at the time of the execution there was only one disinterested attesting witness, namely Florence Salford. There being no other disposition of the residuary, the gift of the residuary estate to the attorney-draftsman, an attesting witness and the gift of $500 to another witness will be distributed as intestate property. (Matter of Rankin, N. Y. L. J. Jan. 25, 1968, p. 21, col. 6; Matter of Hens, 39 Misc 2d 78.)
The guardian ad litem is directed to file a supplemental report taking a position as to the objections he has filed in the alternative and then the court will further rule in respect of the, admission of the will.