OPINION OF THE COURT
Kristin Booth Glen, S.
*669 Anthony Azar, executor of the will of his wife, Cynthia R. Wu,[1] seeks an order pursuant to EPTL 2-1.8 (e) directing Harry Wu (Wu) to pay his ratable share of the United States and New York State estate taxes on decedent’s estate. Wu, who is decedent’s brother and the beneficiary of two insurance policies on her life valued at $3,314,215, contends the nonapportionment tax clause of decedent’s will absolves him of any liability. Wu, however, was one of two attesting witnesses to the will, and his testimony therefore was necessary for its probate (SCPA 1404 [1]). In a case of apparent first impression, the question is whether the tax clause is effective as to Wu in light of EPTL 3-3.2 (a) (1), which provides that a “beneficial disposition” to an attesting witness whose testimony is necessary to prove the will is void.[2]
article first (B) of decedent’s will provides:
“All estate and inheritance taxes payable by reason of my death, in respect of all items included in the computation of such taxes, whether passing under this Will or otherwise, shall be paid by my Personal Representative or Trustee as of [sic] such taxes were my debts, without recovery if [sic] any part of such tax payments from anyone who receives any item included in such computation” (emphasis added).
In the absence of this provision (or in intestacy), Wu would be charged with the estate taxes attributable to the life insurance, pursuant to EPTL 2-1.8 (c) (1), and the amount he receives would thus be reduced. If effective, the tax clause would instead require that Wu’s tax obligation be satisfied by a disposition from the residuary estate, thus preserving the full death benefit payable to him under the policies. The court deems such disposition on behalf of Wu — in discharge of what would otherwise be his obligation — as tantamount to a disposition to Wu, and finds the tax provision constitutes a “beneficial disposition” within the meaning of EPTL 3-3.2 (a).
The theoretical underpinning of the statute from which EPTL 3-3.2 is derived (Decedent Estate Law § 27) is the imposition of *670 “all possible safeguards against fraud or undue influence” through a policy of “preventing a witness to the will from benefiting under the instrument which is established or proved by his act in becoming a witness” (Drafter’s Mem, L 1942, ch 622, at 1483 ns;:). The policy animating the invalidation of a legacy to a person whose testimony is required for probate is equally applicable to a benefit conferred by a tax clause.
Wu argues he was oblivious, when he witnessed the will, of his designation as beneficiary of decedent’s life insurance policies. Such contention, even if true, is unavailing. A testator is not presumed to have revealed the contents of her will to the attesting witnesses. Just as a legatee is subject to the strictures of the statute whether or not such legatee is aware of the bequest, Wu’s knowledge of the life insurance policies is irrelevant. The application of EPTL 3-3.2 (a) (1) to a nondistributee is absolute.
This analysis leads to what may seem an unduly harsh result, and indeed the statute has been criticized as creating “a conclusive presumption that a beneficiary under a will who also served as an attesting witness is dishonest and coercive” (Turano, Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, EPTL 3-3.2, at 408 [1998 ed]; see also Matter of Morea, 169 Misc 2d 415 [Sur Ct, Bronx County 1996]). The court is constrained, however, to interpret the statute in accordance with the clear legislative intent. Further, the effect of forfeiture in this case is not so harsh as where an innocent witness-beneficiary loses an entire bequest: Wu will receive the insurance proceeds, net of estate tax, precisely as if there had been no will or if the will did not include this tax clause.
The court is mindful that when a will is executed the identity of beneficiaries of nontestamentary assets is not readily apparent, whereas beneficiaries of testamentary gifts are ordinarily named in the will or can be ascertained fairly easily. Any forfeiture resulting from unwitting use of a nontestamentary beneficiary as an attesting witness will most likely arise, as here, in the context of a tax nonapportionment clause covering assets passing outside of the will. It behooves any drafter using such clause to be fully informed of the testator’s nonprobate assets to avoid unintended consequences, some of which may have even greater potential for frustrating the testator’s intent.
It is also worth noting that, for purposes of determining any forfeiture, the interest of the witness is measured as of the time of execution of the will (Matter of King, 68 Misc 2d 716 [Sur Ct, *671 NY County 1972]). Under the analysis here, forfeiture would not be required where an attesting witness is designated as a beneficiary of nonprobate assets after the execution of the will.
A witness is not subject to the forfeiture provisions of the statute, of course, where the will has two or more other competent witnesses who receive no testamentary benefit. Wu argues that Mon-Leang Mui, a notary public before whom the testator as well as the two attesting witnesses appeared, qualifies as a third attesting witness. There is some evidence from which an inference can be drawn that decedent declared to the notary public that the instrument she signed was her will,[3] one of the required formalities for execution (see EPTL 3-2.1 [a] [2], [3]). There is no evidence, however, that the decedent requested the notary public to sign his name as an attesting witness to her will, another required formality (EPTL 3-2.1 [a] [4]; see also Will of Margolis, NYLJ, Feb. 23, 2007, at 32, col 3 [Sur Ct, NY County]). Wu’s testimony, therefore, is necessary to prove the will.
Accordingly, the tax clause of decedent’s will is ineffective as to Wu, and estate taxes shall be apportioned against the life insurance proceeds of which he is beneficiary in the manner provided in EPTL 2-1.8.

. Azar brought this application as temporary administrator before he had proffered decedent’s will. The court held the proceeding in abeyance pending resolution of the probate proceeding (Estate of Wu, NYLJ, Dec. 19, 2007, at 35, col 5). The will was admitted to probate by decree dated December 23, 2008.

. The statute carves out an exception for a distributee: a “beneficial disposition” to an attesting witness whose testimony is necessary to prove the will is valid to the extent such disposition does not exceed the witness’s intestate share in the estate. Decedent was survived by a husband and two children, so that Wu was not a distributee eligible for the exception.

. Beneath the respective signatures and addresses of the two attesting witnesses is a form of jurat, followed by the statement: “On the 8th day of November, 2001, personally appeared before me Cynthia Renee Wu, the testator/testatrix, and subscribed and sworn to before me, together with Mary Chen and Harry Wu, witnesses, on this 8th day of November, 2001.” The description of decedent as a “testator/testatrix” suggests decedent declared the document to be her will in the presence of the notary public.